IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. | : |
| | : |
| | : Civil Action No. |
| Plaintiff, | : |
| | : |
| v. | : COMPLAINT |
| | : |
| UMG RECORDINGS, INC., | : |
| WAL-MART STORES, INC., | : |
| AMAZON SERVICES, LLC, and | : |
| BARNES & NOBLE, INC. | : |
| | : |
| | : |
| Defendants. | : |

_____

COMPLAINT FOR COPYRIGHT INFRINGEMENT
WITH DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT

For its Complaint for Copyright Infringement, against UMG Recordings, Inc. ("UMG"), Wal-Mart Stores, Inc. ("Wal-Mart"), Amazon Services, LLC ("Amazon"), and Barnes & Noble, Inc. ("Barnes & Noble") (collectively, "Defendants"), the Plaintiff states as follows:

1. All of the allegations and other factual contentions herein made are based upon information and belief, after an inquiry reasonable under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

2. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq., as amended).

I.  Jurisdiction

3. This Court has jurisdiction over the subject matter and the parties, under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq.), and pursuant to 28 U.S.C. Sections 1331

and 1338. This Court has in personam jurisdiction over Defendants under NY CPLR § 302. The facts forming the basis of the complaint, as hereinafter alleged, occurred in material part within New York, and in this judicial district. This cause of action arises out of acts and events that occurred in material part in New York, and within this judicial district.

## II. Venue

4. Venue is proper in this judicial district under 28 U.S.C. Section 1391 and Section 1400(a) for the same reasons that personal jurisdiction over Defendants in New York is proper and because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## III. Facts

5. Michael Grecco Productions, Inc., (hereinafter "Plaintiff") is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, CA 90405.

6. Plaintiff's principal, Michael Grecco, is an award winning, internationally renowned commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images, and advertising spreads.

7. Plaintiff is the owner of copyright in one (1) photograph registered for copyright under Certificate of Registration VA 1-431-698, titled "Grecco Photo / Getty Published 2009," bearing an effective date of registration of July 7, 2010 (Exhibit A), hereinafter referred to as "Plaintiff's Work."

8. UMG is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 2220 Colorado Avenue, Santa Monica, CA 90404, and is registered to transact business in the State of New York. UMG is the world's leading music company, owning and operating businesses engaged in recording music, music publishing,

merchandising, and audiovisual content in more than 60 countries. UMG also owns and operates websites located at www.UniveralMusic.com and www.UniversalMusicEnterprises.com.

9. Wal-Mart is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 702 SW 8th Street, Bentonville, AK 72716, and is registered to transact business in the State of New York. Wal-Mart is one of the world's largest companies, operating several thousand Wal-Mart Supercenters and Discount Stores in the United States, as well outlets in Canada, Mexico, South America, Europe, and Asia. Wal-Mart also markets, sells, and distributes over one million goods through its website located at www.Walmart.com.

10. Amazon is a company organized and existing under the laws of the State of Nevada, with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109, and is registered to transact business in the State of New York. Amazon is one of the world's largest online retailers, engaging in the marketing, sale, and distribution of products through its website located at www.Amazon.com.

11. Barnes & Noble is a company organized and existing under the laws of the State of New York, with a principal place of business at 122 5th Avenue, New York, NY 10011. Barnes & Noble is the nation's largest retail bookseller and leading retailer of content, digital media, and educational products, operating six hundred thirty-eight retail bookstores in all fifty states. Barnes & Noble also markets, sells, and distributes products through its website located at www.BarnesandNoble.com.

12. As part of its business, UMG produces, markets, and sells music albums.

13. On or around February 25, 2014, UMG released an album titled "Icon Series Volume 2: Johnny Cash," featuring a copy of Plaintiff's Work on the album's front cover. A

copy of UMG's use of Plaintiff's Work is attached as Exhibit B and is hereinafter referred to as "Offending Work."

14. UMG directly and or through its employees had access to the Plaintiff's Work. UMG has previously licensed artwork from Plaintiff. UMG has been supplied copies of Plaintiff's Work through at least one of Plaintiff's commercial licensing agents.

15. The Offending Work is strikingly similar to, and substantially similar to, Plaintiff's Work, which was copied from the Plaintiff's Work.

16. Plaintiff has not authorized the copying or use of the Plaintiff's Work by Defendants in any format, or in the form herein complained of Offending Work or otherwise.

17. UMG is promoting, advertising, displaying, publishing, selling, and or distributing the Offending Work.

18. UMG has allowed Wal-Mart, Amazon, and Barnes & Noble to promote, advertise, display, publish, sell and or distribute the Offending Work.

19. UMG has supplied Wal-Mart and Barnes & Noble copies of the Offending Work and has allowed Wal-Mart and Barnes & Noble to promote, advertise, display, publish, sell, and or distribute Offending Work.

20. Defendants are promoting, advertising, displaying, publishing, selling, and or distributing infringing copies of Plaintiff's Work without Plaintiff's permission. Copies of Defendants' uses of Plaintiff's Work are attached as Exhibit C.

21. UMG knew or should have known that Plaintiff's permission was required to use Plaintiff's Work in any format, or on the Offending Work.

22. UMG contacted Plaintiff on or around October 20, 2014 attempting to license Plaintiff's Work, nearly eight (8) months after the initial use of the Plaintiff's Work on the Offending Work.

23. Plaintiff requested information from UMG regarding the source of Plaintiff's Work on or around March 23, 2016. Plaintiff sought remuneration for the unauthorized use of Plaintiff's Work. UMG knew and or should have known that Plaintiff's permission was required for the use of Plaintiff's Work.

24. UMG continues to display Plaintiff's Work on its website, UniversalMusicEnterprises.com knowing that it needs and does not have Plaintiff's permission to do so. A copy of UMG's continued use of Plaintiff's Work on its website on December 6, 2016 is attached as Exhibit D.

25. Defendants Wal-Mart, Amazon, and Barnes & Noble continue to promote, advertise, display, publish, sell, and or distribute Offending Work. Copies of Defendants Wal-Mart, Amazon, and Barnes & Noble's continued use of Plaintiff's Work displayed on their respective websites on December 6, 2016 are attached as Exhibit E.

26. The Defendants' promotion, advertisement, display, publication, sale, and or distribution of Offending Work, has infringed and, if not terminated, continues to infringe upon Plaintiff's rights in the Plaintiff's Work.

27. Defendants knew or should have known that the Plaintiff's permission was required to use Plaintiff's Work in any format, or in Defendants' websites and or stores.

28. Defendants had the right and ability to supervise the infringing conduct of their respective employees and or other agents who directly infringed on Plaintiff's copyright ownership in Plaintiff's Work.

29. UMG intentionally, wantonly, and or recklessly disregarded rights it knew or reasonably should have known were claimed in Plaintiff's Work, when causing the creation of, and or when promoting, advertising, displaying, publishing, selling, and or distributing the Offending Work.

30. UMG intentionally, wantonly, and or recklessly disregarded rights it knew or reasonably should have known were claimed in Plaintiff's Work when Defendants continued to promote, advertise, display, publish, sell, and or distribute the Offending Work after receiving notice from Plaintiff of Plaintiff's copyright ownership in Plaintiff's Work.

31. Defendants' infringement of Plaintiff's copyright has directly and proximately caused Plaintiff monetary damages, in an amount thus far not determined, and subject to proof at trial.

32. Plaintiff has lost profits as a result of Defendants' infringement, in an amount thus far not determined, and subject to proof at trial.

33. Defendants have realized profits from the use of the Offending Work in an amount unknown and subject to proof at trial.

### IV.  Causes of Action:  Copyright Infringement

34. Paragraphs 1 through 33 above are incorporated herein.

35. Defendants' promotion, advertisement, display, publication, sale and or distribution of the Offending Work bearing Plaintiff's Work, without Plaintiff's authorization constitutes copyright infringement, and violates Plaintiff's rights under Title 17 of the United States Code, Section 106, to make and authorize the making of copies and derivative versions of the Plaintiff's Work, and Plaintiff's right to distribute and display copies and derivations of Plaintiff's Work.

36. Defendants are liable for contributory and vicarious copyright infringement under Title 17 of the United States Code, Section 106, because Defendants had the right and ability to supervise the infringing conduct of their respective employees and or other agents, and because Defendants had a direct financial interest in the infringing conduct.

WHEREFORE, PLAINTIFF DEMANDS:

1. That, pursuant to Title 17 U.S.C., Defendants, their agents, servants and or employees, and all parties in privity with them be enjoined permanently from infringing on Plaintiff's registered copyrights, in any manner, including, but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising any copies of the Plaintiff's Work or by causing and/or participating in such manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

2. That, pursuant to Title 17 U.S.C., Defendants be required to deliver up for destruction all merchandise, brochures, literature, advertising materials and other items incorporating or bearing a representation of any image that directly or indirectly use matter created by Plaintiff or which copy Plaintiff's Work.

3. That Defendants be required to pay to Plaintiff such actual damages, pursuant to Title 17, as Plaintiff may have sustained in consequence of their respective infringements and all profits derived from and attributable to their infringements of Plaintiff's copyrights, including without limitation license fees, and the value of injury to Plaintiff's copyrights. Plaintiff requests Defendants account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from Defendants' infringement of Plaintiff's Work since the date of the first act of infringement.

4. That Defendants be required to pay an award of statutory damages in a sum to be determined at trial for any infringement(s) of Title 17 U.S.C. Section 106, found to have occurred after registration of Plaintiff's Work that did not commence prior to the registration of Plaintiff's Work, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

5. That, pursuant to 17 U.S.C. Section 504, Defendants be required to pay an award of increased statutory damages in sum of not less than $30,000 per infringement or more than $150,000 per infringement for any willful infringement(s) found to have occurred after registration of Plaintiff's Work that did not commence prior to the registration of Plaintiff's Work, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

6. That, pursuant to 17 U.S.C. Section 505, Defendants be required to pay reasonable attorneys' fees to Plaintiff's attorneys for Defendants' violation of Title 17 U.S.C. 101 et seq., as amended.

7. That, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Defendants be required to pay Plaintiff's full costs in this action.

8. That the Court grant pre- and post-judgment interest, and delay damages.

9. That Plaintiff have such other and further relief as the Court may deem just and appropriate in the circumstances.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Trial Counsel
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007

Telephone: 202-466-2787<br>
Facsimile: 443-450-3247<br>
Email: JLS@IPG.Law<br>
NY Bar Member # JS4896

VERIFICATION

I, Michael Grecco_____, hereby certify that the factual allegations in the foregoing Complaint are true to the best of my information, knowledge, and belief.

_____
Michael Grecco, President

PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable of right by jury, including the issues of statutory and other damages.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Trial Counsel
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 443-450-3247
Email:  JLS@IPG.Law
NY Bar Member # JS4896